IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB -3 PM 2: 49

In re HEALTHSOUTH CORPORATION  )
INSURANCE LITIGATION,           )   Consolidated Case No.
                                )   CV-03-BE-1139-S
This Document Relates to: All Actions )

**ENTERED**
FEB - 3 2004

### MEMORANDUM OPINION

**I. Background Information and Introduction**

This matter comes before the court on a Motion to Intervene filed by Robert J. Lancaster, Kim French, and Kim Coggins ("ERISA Plan Participants of Movants") (Doc. 209).

The movants are named plaintiffs in *In re HealthSouth ERISA Litigation*, CV-03-BE-1700-S, also pending before this court. They seek leave to intervene in this consolidated action particularly as to the efforts of three insurers, St. Paul Fire & Marine Insurance Company ("St. Paul"), Continental Casualty Company ("Continental"), and Travelers Casualty & Surety Company ("Travelers").[1] These insurers seek rescission and a declaratory judgment regarding insurance policies that could provide coverage for the claims asserted by the movants in their ERISA class action.

The movants submitted a brief in support of their motion. St. Paul and Continental filed a joint brief in opposition to the motion, and Travelers filed its own opposition. HealthSouth also filed a response to the motion to intervene consenting to intervention in the cases filed by St. Paul, Travelers, and Continental, but objecting to the ERISA plan participant's motion to intervene in the other insurance cases. After considering the arguments and the applicable law,

---

[1]To date, nine insurance companies are parties in this consolidated action.

the court concludes that the motion to intervene should be DENIED for the reasons stated below.

ERISA Plan Participants are plaintiffs in *In re HealthSouth ERISA Litigation*, where they allege that the fiduciaries for the HealthSouth Rehabilitative Corporation Employee Stock Benefit Plan breached fiduciary duties they owed to the Plan. The fiduciaries purportedly include HealthSouth, its Board of Directors, certain top-level officers who served as Trustees for the Plan, and other persons who managed the day-to-day operation of the Plan. These breaches allegedly caused the Plan to suffer millions of dollars in losses.

St. Paul and Continental filed separate complaints with this court against Defendants HealthSouth Corporation and various HealthSouth officers and directors on June 12, and July 17, 2003, respectively. St. Paul and Continental assert that they are entitled to rescind several insurance policies issued to HealthSouth because the policies were obtained through HealthSouth's fraud and material misrepresentations, concealments, and omissions during the underwriting and negotiating for the policies. St. Paul and Continental further seek a declaration that each policy is void *ab initio*. Among the policies at issue are a type of fidelity bond known as a crime loss indemnity policy ("CLIP" or "CLIPs"), which obligates the Insurers to indemnify against certain losses suffered by HealthSouth or its employee benefit plan as a result of employee dishonesty.

Travelers issued a fiduciary liability policy, which could also provide coverage for the claims asserted in the ERISA litigation. On July 10, 2003, Travelers filed suit seeking partial rescission of its policy and a declaratory judgment that it owes no coverage for the claims filed in

2

the ERISA case.[2]

The movants seek to intervene in these insurance cases based alternatively on intervention of right or permissive intervention under Fed. R. Civ. P. 24(a) and (b).

## II. Discussion

### A.   Intervention as of Right

To intervene as a matter of right, a non-party must demonstrate all of the following: (1) the application to intervene is timely; (2) the non-party has a legally protectable interest relating to the property or transaction that is the subject of the action; (3) the non-party is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the non-party's interest is represented inadequately by the existing parties to the lawsuit. *See Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); Fed. R. Civ. P. 24(a). Movants bear the burden of establishing their purported right to intervene. *See United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991). In this case, Movants fail to satisfy at least two of the four requirements,[3] making intervention as a right inappropriate.

### 1.   Contingent Interest Insufficient

A non-party seeking to intervene must have a direct, significant, and legally protectable

---

[2]Seven other insurers filed suits seeking similar relief and certain individual insureds sued Royal Indemnity seeking a declaration of coverage. These suits have all been consolidated into this action.

[3]The insurers concede that the motion to intervene is timely. They argue that the movants fail to meet the remaining three requirements. Because the court finds that the movants failed to establish both a legally protected interest and failed to prove that their interests will not be adequately represented, the court does not address the other elements of the analytical paradigm.

3

interest in the outcome of the litigation in which he seeks to intervene. *See Georgia v. Lake Lanier Assoc.*, 302 F.3d 1242, 1251 (11th Cir. 2002); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 707 (11th Cir. 1991); *Ace American Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537, 539 (S.D. Fla. 2003). A contingent economic interest in insurance policy proceeds does not rise to a "legally protectable" interest and fails to provide grounds for intervention under Rule 24(a). *See S. Fla. Water*, 922 F.2d at 710 ("By requiring that the applicant's interest be . . . 'legally protectable,' it is plain that something more than an economic interest is necessary.") (citations omitted); *Ace American*, 216 F.R.D. at 539 (intervention denied where movant's interests were "affected only speculatively, and at that only economically, by the present action"); *Midwest Employers Cas. Co. v. E. Ala. Health Care*, 170 F.R.D. 195, 198 (M.D. Ala. 1996) (acknowledging movant's interest in the insurance proceeds and, thus, in the outcome of the declaratory judgment action, but holding that the interest "does not rise to the level of significant interest"); *Redland Ins. Co. v. Chillingsworth Venture, Ltd.*, 171 F.R.D. 206, 208 (N.D. Ohio 1997) ("Movants have nothing more than a hypothetical interest in the present action as they are yet to obtain a judgment in the tort action. Absent a present, noncontingent interest in the insurance policies at issue in this declaratory judgment action, they lack the 'significantly protectable interest' required for intervention as of right.").

Movants rely principally on *TIG Specialty Ins. Co. v. Fin. Web.com, Inc.*, 208 F.R.D. 336 (M.D. Fla. 2002) for their contention that they have an interest in the insurance cases sufficient to justify intervention. *See Movants' Brief* at 4-7. While *TIG* initially appears to address whether an intervenor's speculative interest in a defendant's insurance policy proceeds qualifies as a "legally protectable" interest under Rule 24(a), it was decided against the weight of Eleventh

Circuit precedent.

Specifically, although the *TIG* court cited the principles of intervention stated above, it failed to recognize the additional tenet that a mere economic interest in the proceedings is insufficient to support intervention. As the Eleventh Circuit has stated, "'[b]y requiring that the applicant's interest be . . . 'legally protectable,' it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *S. Fla. Water*, 922 F.2d at 710 (emphasis in original) (citations omitted). Here, Movants' interest in securing a pool of insurance money to draw upon is not only purely economic, but also theoretical, considering no judgments have been obtained against the insureds. An interest of this nature does not satisfy the Eleventh Circuit's mandate regarding Rule 24(a) intervention.

In reaching its decision, the *TIG* court conceded that "[t]he Eleventh Circuit has not yet addressed the issue of whether an interest contingent upon the outcome of other pending litigation constitutes 'a significantly protectable interest'" for purposes of intervention. 208 F.R.D. at 538. Thus, the *TIG* court based its decision on Fourth and Third Circuit decisions, both of which are factually distinguishable from Movants' attempted intervention because in those cases, the intervenors' interests in the insurance proceeds were no longer speculative.[4]

---

[4]Movants' reliance upon the *TIG* court's citation of the Fourth Circuit's language in *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991), is misplaced. The *Teague* intervenors' interest in the proceeds of the liability insurance policy – not a fidelity bond – had already been established by the time the Fourth Circuit issued its decision permitting them to intervene in the insurance case. Here, Movants' claimed legal interest is far more attenuated, as they have yet to obtain a judgment against the ERISA defendants, and moreover, their obtaining a judgment in the ERISA suit will not necessarily mean that proceeds will be available from the CLIPs to pay such a judgment.

Movants' reliance on *Mountain Top Condominium Assoc. v. Dave Stabbert Master*

5

Moreover, the *TIG* court expressly recognized that the "mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give that party a right to intervene." 208 F.R.D. at 338 (citation omitted).

A more closely analogous case is *Ace American*. In that case, the plaintiff insurer filed a declaratory judgment action seeking a determination of no coverage for liability claims asserted against the insured by the insured's employee. *See* 216 F.R.D. at 538. The insured's employee filed a separate action against the insured and then subsequently moved to intervene in the coverage action. The court held that because the employee's stake in the coverage action was contingent on first obtaining a judgment against the insured in the separately filed action, the employee's interests were "affected only speculatively, and at that only economically, by the present action," and thus, were insufficient to warrant intervention as of right. *Id.* at 539; *see also Indep. Petrochemical Corp. v. Aetna Cas. & Surety Co.*, 105 F.R.D. 106, 110-11 (D.C. Cir. 1985) ("Until the tort claimants have obtained a judgment against these plaintiffs, their interest in the subject matter of the litigation is purely hypothetical.").

Here, movants' stated interest in the insurance proceeds to satisfy their contingent

---

*Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995), similarly is misplaced. In *Mountain Top*, the issue concerned the disbursement of insurance proceeds that had already been paid as a result of loss due to a hurricane. *See* 72 F.3d at 363-364. The parties seeking intervention were condominium owners who disputed the manner in which the condominium owners association was distributing the proceeds. *Id.* Specifically, the intervenors were claiming an interest in remaining insurance proceeds that were also claimed by a contractor pursuant to a construction lien for work performed on the condominiums. *Id.* at 364. The Third Circuit recognized that the intervenors had a legally protectable interest in a specific fund – the insurance proceeds that were deposited in the registry of the court pending resolution of the dispute. *Id.* at 366. Movants' claim is readily distinguishable. Funds held in the registry of a court as proceeds from an insurance settlement are in no way analogous to potential CLIP proceeds that, even if paid, would be for the benefit of the Plan itself.

6

underlying ERISA claims is similarly speculative and, in any event, purely economic in nature. Importantly, movants do not contest this characterization and, in fact, speculate that the insurance proceeds at issue will provide a "substantial source of recovery for the Plan," which they in turn will seek to collect if successful in their ERISA lawsuits. *Movants' Brief* at 5.

Although the movants have an interest in preserving insurance coverage that might pay any judgment they may receive in the ERISA case, that interest does not rise to the level required for intervention of right. *See Midwest Employers Cas. Co. v. East Alabama Health Care*, 170 F.R.D. 195, 198 (M.D. Ala. 1996) (acknowledging movant's interest in the insurance proceeds and, thus, in the outcome of the declaratory judgment action, but holding that the interest "does not rise to the level of significant interest").

2.  **Interest Adequately Represented**

Even if the movants have a legally recognizable interest, they have not established that their "interest" is not adequately represented by the insureds[5] who are defendants in the ERISA case. In their brief, movants concede that the insureds "have incentive to ensure that the insurance policy covers the [ERISA claims]." *Movants' Brief* at 7. They contend, however, that the insureds' interests are adverse to movants' regarding the policies and the bonds at issue because insureds have "conflicting interests to avoid liability and at the same time to avoid coverage." *Id.* at 8. Movants' attempt at crafting disparity between their interests and the insureds' interests, by comparing the insureds' interests in the insurance cases to the insureds' interests in defending the ERISA litigation, is inapposite and misses the point. In fact, movants

---

[5]The "insureds" are defendants in the insurance cases and some insureds are also defendants in the ERISA cases.

7

and the insureds have identical interests in the insurance cases – to ensure that the coverages are not rescinded and that the policies provide coverage for any losses movants and insureds claim may be covered.

Where, as here, the objectives of the intervenors and the existing defendants are identical, the Eleventh Circuit presumes that the existing parties will adequately represent the intervenor's interest. *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993); *see also Wyatt v. Hanan*, 170 F.R.D. 189, 192 (M.D. Ala. 1995) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented . . . .") (citation omitted). To rebut this presumption, the movant must demonstrate "adversity of interest, collusion, or nonfeasance." *Wyatt*, 170 F.R.D. at 192; *Midwest Employers Cas. Co. v. E. Ala. Health Care*, 170 F.R.D. 195, 199 (M.D. Ala. 1996) (court found movant's interest adequately represented where movant did not demonstrate collusion between the defendants and insurers, adversity to movant's position, or that defendants lacked competency).

Movants' unsupported allegations do not meet the requirement that an intervenor show inadequate representation by the existing parties. *See Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973) (denying assignee's motion to intervene because conclusory allegations did not establish that assignee's interests were not adequately represented); Wright & Miller, Federal Practice and Procedure § 1909 (1986) (Where the intervenor and a party to the suit share the same ultimate objective, the intervenor must generate a "concrete showing of circumstances in the particular case that make the representation inadequate.")

Significantly, no conflict of interest exists in this litigation between the insureds and movants because the insureds have every incentive to ensure that the policies cover any purported loss sustained by the Plan. Thus, movants' interests are adequately protected. *See Ace American*, 216 F.R.D. at 540 (an insured's strenuous opposition to the insurer's position of lack of coverage deemed adequate representation for third-party claimant); *see also Midwest Employers*, 170 F.R.D. at 199 (denying intervention where defendants had every incentive to litigate vigorously the declaratory judgment action to ensure reimbursement).

The lone case relied upon by movants is distinguishable. In *TIG,* the court observed that one defendant decided to appear *pro se* and another defendant had allowed an entry of default against him in the action, and on that basis, held that the intervenors' interests were not adequately protected. *See* 208 F.R.D. at 339. No such argument could be made here.

Movants have failed to rebut the presumption that their interests are adequately represented. Indeed, as demonstrated above, movants' and defendants' interest in this action are identical and, thus, are not adverse to each other. Further, movants have made no showing of any collusion between insureds and the insurers, and the record clearly demonstrates the absence of any such collusion. Finally, movants have not shown – nor could they – that the insureds are failing in their duties to vigorously defend this action and advocate for a finding of coverage.

Because the movants have not established all the requisites for intervention as of right under Rule 24(a), their motion will be DENIED.

**B.     Permissive Intervention**

Federal Rule of Civil Procedure 24(b) allows permissive intervention if the application is timely and if the intervenor's claim or defense and the main action have a common question of

law of fact. *See Chiles*, 865 F.2d at 1213. The rule provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Manasota-88, Inc. v. Tidwell* 896 F.2d 1318,1323 (11th Cir. 1990) (citation omitted). The court has discretion to deny intervention even if both of the requirements are met. *See Chiles,* 865 F.2d at 1213.

    1.    **No Common Issues**

The factual issues presented by this litigation concern primarily the insureds' alleged misrepresentations and omissions regarding procurement of the insurance policies and bonds in question. These state law issues are unrelated to the federal claims that movants are pressing in the ERISA litigation. Indeed, the substantive law governing this proceeding primarily involves contract interpretation and the application of Alabama's rescission statute; in contrast, the law at issue in the ERISA litigation is derived from federal statute and the federal courts' interpretations of ERISA law. Likewise, just as in *Ace American*, the insurers' declaratory judgment complaints and defendants' counterclaims for breach of contract, breach of fiduciary duty, and fraud will have no effect on movants – other than *potentially* increasing the pool of insurance proceeds from which the defendants could pay movants *if* they are successful in their lawsuit. *See Ace American*, 216 F.R.D. at 539. A finding that the defendants made misrepresentations or omissions when procuring their insurance policies and bonds will not affect whether the defendants have also breached their ERISA duties to participants. *See Continental Cas. Co. v. ZHA, Inc.* 154 F.R.D. 281, 283 (M.D. Fla. 1994) (denying permissive joinder). No common legal or factual issues exist to justify permissive intervention.

   2. **Prejudicial Effect**

   Even if common questions existed, the court finds that intervention by the movants would unduly complicate and delay the resolution of this matter. The insurance litigation, involving nine insurers and approximately twenty-nine insureds, is already sufficiently complex. Allowing intervention would only inject collateral issues that would be irrelevant to the declaratory judgment actions. The irrelevance of the collateral issues is demonstrated by the counterclaim the movants seek to assert. The movants ignore or seek to sidestep the provisions of the policies and Alabama law that do not allow direct actions against a tortfeasor's insurer until the claimant first obtains a judgment against the tortfeasor. See e.g., *State Farm Fire & Cas. Co. v. Green*, 624 So. 2d 538, 539 (Ala. 1993). The litigation of this side issue would add nothing to the issues regarding rescission that are at the heart of the insurance litigation.

   The movants have failed to persuade the court to exercise its discretion to allow permissive intervention.

   For these reasons, the motion to intervene will be DENIED by separate order.

   DONE and ORDERED on the 3rd day of February, 2004.

                                             KARON OWEN BOWDRE
                                             UNITED STATES DISTRICT JUDGE

11